# EXHIBIT A

STATE OF NEW YORK :
SUPREME COURT : COUNTY OF MONROE

---

TRACY POWELL
26368 Villa Maria Drive
Punta Gorda, FL 33983

Plaintiff

**SUMMONS**
**Served with Complaint**
**Index #**

vs.

WALMART, INC.
702 SW 8th Street
Bentonville, AK 72716

WAL-MART STORES EAST, LLC
702 SW 8th Street
Bentonville, AK 72716

WAL-MART STORES EAST, LP
702 SW 8th Street
Bentonville, AK 72716

WAL-MART STORES EAST, INC.
702 SW 8th Street
Bentonville, AK 72716

WAL-MART REAL ESTATE BUSINESS TRUST
702 SW 8th Street
Bentonville, AK 72716

DIMARCO BRANDT POINT, LLC
1950 Brighton-Henrietta Townline Road
Rochester, NY 14623

JOHN DOE I
(the name John Doe I being fictitious, as the true name and identity of said Defendant is presently unknown to the Plaintiff. Said Defendant is the individual who supervised and/or managed the

section of the subject store located at 1950 Brighton-Henrietta Townline Road, Rochester, New York where televisions were placed on shelves and/or racks for public display in 2024)

JOHN DOE II
(the name of John Doe II being fictitious, as the true name and identity of said Defendant is presently unknown to the Plaintiff. Said Defendant is the individual responsible for the inspection, maintenance and/or repair of the display racks used to store televisions for public display at the subject Wal-Mart store located at 1950 Brighton-Henrietta Townline Road, Rochester, New York in 2024, and/or who placed the television which fell on Plaintiff on the display shelf at said Wal-Mart store on or before May 27, 2024)

JOHN DOE III
(the name of John Doe II being fictitious, as the true name and identity of said Defendant is presently unknown to the Plaintiff. Said Defendant is the individual responsible for organizing, maintaining, overseeing and/or inspecting the manner in which televisions were placed on display shelves and/or racks at the Wal-Mart store located at 1950 Brighton-Henrietta Townline Road, Rochester, New York in 2024, and/or who placed the television which fell on Plaintiff on the display shelf or rack at said Wal-Mart store on or before May 27, 2024)

Defendants

---

To the above named Defendants:

**YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the attorneys, at the address stated below, a written Answer to the attached Complaint.

If this Summons is served upon you within the State of New York by personal service you must respond within **TWENTY (20)** days after service, not counting the day of service. If this Summons is not personally delivered to you within the State of New York you must respond within **THIRTY (30)** days after service is completed, as provided by law.

If you do not respond to the attached Complaint within the applicable time limitation stated above, a Judgment will be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

This action is brought in the County of because of:

[ ] residence or place of business;
[X] Defendant, DiMarco Brandt Point, LLC's residence; or
[X] Designation made by Plaintiff.

DATED: Buffalo, New York
May 14, 2025

Eric M. Shelton, Esq. for
BROWN CHIARI LLP
**Attorneys for Plaintiff**
2470 Walden Avenue
Buffalo, New York 14225-4751
(716) 681-7190

STATE OF NEW YORK :
SUPREME COURT : COUNTY OF MONROE

---

TRACY POWELL

Plaintiff

vs.

**COMPLAINT**
**Index #__________**

WALMART, INC.,
WAL-MART STORES EAST, LLC,
WAL-MART STORES EAST, LP,
WAL-MART STORES EAST, INC.,
WAL-MART REAL ESTATE BUSINESS TRUST,
DIMARCO BRANDT POINT, LLC,
JOHN DOE I,
JOHN DOE II, and
JOHN DOE III

Defendants

---

Plaintiff, by her attorneys, BROWN CHIARI LLP, for her Complaint in the above-entitled action, as follows:

1. Plaintiff, TRACY POWELL, was and at all times hereinafter mentioned still is a resident of the County of Charlotte, State of Florida.

2. Upon information and belief, at all times hereinafter mentioned, the Defendant, WALMART, INC., was a foreign business corporation organized under and by virtue of the laws of the State of Delaware and was and is authorized to do business in the State of New York, with offices for the transaction of business located at 1990 Brandt Point Drive, Webster, New York and 702 SW 8th Street, Bentonville, Arkansas.

3. Upon information and belief, at all times hereinafter mentioned, the Defendant WALMART, INC., its agents, servants, employees and/or representatives did commit a tortious act within the State of New York causing injury to the Plaintiff as hereinafter described.

4. Upon information and belief, at all times hereinafter mentioned, the Defendant, WALMART, INC., did transact business within the State of New York.

5. Upon information and belief, and at all times hereinafter mentioned, the Defendant, WALMART, INC., expected or should have reasonably expected its acts to have consequences in the State of New York and did derive substantial revenue from interstate commerce.

6. Upon information and belief, at all times hereinafter mentioned, the Defendant, WALMART, INC., did own, use, possess, lease, or otherwise contract for the use of real property and its appurtenances situated in the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, the Defendant, WAL-MART STORES EAST, LLC, was a foreign business corporation organized under and by virtue of the laws of the State of Delaware and was and is authorized to do business in the State of New York, with offices for the transaction of business located at 1990 Brandt Point Drive, Webster, New York and 702 SW 8th Street, Bentonville, Arkansas.

8. Upon information and belief, at all times hereinafter mentioned, the Defendant WAL-MART STORES EAST, LLC, its agents, servants, employees and/or representatives did commit a tortious act within the State of New York causing injury to the Plaintiff as hereinafter described.

9. Upon information and belief, at all times hereinafter mentioned, the Defendant, WAL-MART STORES EAST, LLC, did transact business within the State of New York.

10. Upon information and belief, and at all times hereinafter mentioned, the Defendant, WAL-MART STORES EAST, LLC, expected or should have reasonably expected its acts to have consequences in the State of New York and did derive substantial revenue from interstate commerce.

11. Upon information and belief, at all times hereinafter mentioned, the Defendant, WAL-MART STORES EAST, LLC, did own, use, possess, lease, or otherwise contract for the use of real property and its appurtenances situated in the State of New York.

12. Upon information and belief, at all times hereinafter mentioned, the Defendant, WAL-MART STORES EAST, LP, was a foreign business corporation organized under and by virtue of the laws of the State of Delaware and was and is authorized to do business in the State of New York, with offices for the transaction of business located at 1990 Brandt Point Drive, Webster, New York and 702 SW 8th Street, Bentonville, Arkansas.

13. Upon information and belief, at all times hereinafter mentioned, the Defendant WAL-MART STORES EAST, LP., its agents, servants, employees and/or representatives did commit a tortious act within the State of New York causing injury to the Plaintiff as hereinafter described.

14. Upon information and belief, at all times hereinafter mentioned, the Defendant, WAL-MART STORES EAST, LP, did transact business within the State of New York.

15. Upon information and belief, and at all times hereinafter mentioned, the Defendant, WAL-MART STORES EAST, LP, expected or should have reasonably expected its acts to have consequences in the State of New York and did derive substantial revenue from interstate commerce.

16. Upon information and belief, at all times hereinafter mentioned, the Defendant, WAL-MART STORES EAST, LP, did own, use, possess, lease, or otherwise contract for the use of real property and its appurtenances situated in the State of New York.

17. Upon information and belief, at all times hereinafter mentioned, the Defendant, WAL-MART STORES EAST, INC., was a foreign business corporation organized under and by virtue of the laws of the State of Delaware and was and is authorized to do business in the State of New York, with offices for the transaction of business located at 1990 Brandt Point Drive, Webster, New York and 702 SW 8th Street, Bentonville, Arkansas.

18. Upon information and belief, at all times hereinafter mentioned, the Defendant WAL-MART STORES EAST, INC., its agents, servants, employees and/or representatives did commit a tortious act within the State of New York causing injury to the Plaintiff as hereinafter described.

19. Upon information and belief, at all times hereinafter mentioned, the Defendant, WAL-MART STORES EAST, INC., did transact business within the State of New York.

20. Upon information and belief, and at all times hereinafter mentioned, the Defendant, WAL-MART STORES EAST, INC., expected or should have reasonably expected its acts to have

consequences in the State of New York and did derive substantial revenue from interstate commerce.

21. Upon information and belief, at all times hereinafter mentioned, the Defendant, WAL-MART STORES EAST, INC., did own, use, possess, lease, or otherwise contract for the use of real property and its appurtenances situated in the State of New York.

22. Upon information and belief, at all times hereinafter mentioned, the Defendant, WAL-MART REAL ESTATE BUSINESS TRUST, was a foreign business corporation organized under and by virtue of the laws of the State of Delaware and was and is authorized to do business in the State of New York, with offices for the transaction of business located at 1990 Brandt Point Drive, Webster, New York and 702 SW 8th Street, Bentonville, Arkansas.

23. Upon information and belief, at all times hereinafter mentioned, the Defendant WAL-MART REAL ESTATE BUSINESS TRUST, its agents, servants, employees and/or representatives did commit a tortious act within the State of New York causing injury to the Plaintiff as hereinafter described.

24. Upon information and belief, at all times hereinafter mentioned, the Defendant, WAL-MART REAL ESTATE BUSINESS TRUST, did transact business within the State of New York.

25. Upon information and belief, and at all times hereinafter mentioned, the Defendant, WAL-MART REAL ESTATE BUSINESS TRUST, expected or should have reasonably expected its acts to have consequences in the State of New York and did derive substantial revenue from interstate commerce.

26. Upon information and belief, at all times hereinafter mentioned, the Defendant, WAL-MART REAL ESTATE BUSINESS TRUST, did own, use, possess, lease, or otherwise contract for the use of real property and its appurtenances situated in the State of New York.

27. Upon information and belief, at all times hereinafter mentioned, the Defendant, DIMARCO BRANDT POINT, LLC, was a domestic limited liability company organized under and by virtue of the laws of the State of New York with offices for the transaction of business located at 1950 Brighton-Henrietta Townline Road, Rochester, New York 14623.

28. Upon information and belief, this action falls within one or more of the exceptions enumerated in Article 16 of the CPLR.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT WALMART, INC., PLAINTIFF, TRACY POWELL, ALLEGES:**

29. Plaintiff repeats each and every allegation set forth in paragraphs "1" through "28" as if fully set forth herein at length.

30. On or about the 27th day of May, 2024, in the afternoon, the Plaintiff, TRACY POWELL, was lawfully and properly upon the Walmart Super Center premises located at 1990 Brandt Point Drive, Webster, New York for the purpose of shopping for merchandise.

31. That on the aforesaid date and time, while shopping in the television aisle, a flat screen television located on a shelf above Plaintiff tipped over and fell, striking Plaintiff about the face, resulting in serious and permanent bodily injuries to Plaintiff as set forth below.

32. Upon information and belief, a bottom corner of the box in which the subject flat screen television was packaged was indented and the shelf upon which it resided was uneven, which caused the said flat screen television to be unsteady and to fall, striking Plaintiff.

33. That said occurrence and the injuries sustained by the Plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the Defendant, WALMART, INC., it agents, servants, employees, representatives, officers, directors, managers and/or independent contractors, in the ownership, operation, management, control, design, construction, improvement, repair, inspection, maintenance and upkeep of the aforesaid premises, thereby permitting a hazardous and inherently dangerous condition to exist on said premises with knowledge that persons engaged in shopping at said premises would be traveling upon, over and about said premises; in failing to take suitable and proper precautions to insure the safety of Plaintiff and other persons similarly situated; in placing the subject flat screen television and the box in which it was packaged on an uneven shelf or rack when one of the bottom corners of said box was damaged and indented; in permitting the subject flat screen television to fall from the shelf or rack upon which it was situated and striking Plaintiff; in failing to timely and properly inspect the placement of the subject flat screen TV so as to insure that it did not create a risk of harm to Plaintiff and other shoppers in the vicinity; in failing to take suitable and proper precautions to insure the safety of Plaintiff and those similarly situated while lawfully upon said premises; in failing to properly and adequately maintain and inspect said premises; in permitting an inherently dangerous and hazardous condition to exist in a location where Defendant knew that customers would be traversing while shopping; in failing to take reasonable precautions and steps to remove

and/or remediate an inherently dangerous and hazardous condition; in creating a hazardous and inherently dangerous condition and latent deceptive trap which caused Plaintiff to be struck by the aforesaid flat screen TV; in failing to exercise reasonable care to correct an inherently dangerous condition when it was clearly foreseeable that Plaintiff and those similarly situated would be subject to serious injury as a result of the existence of said condition; in carelessly, negligently, and recklessly and with knowledge, actual or constructive, of the hazards then and there existing, permitting the Plaintiff and those similarly situated to expose themselves to said risks and hazardous conditions without taking adequate precautions to safeguard against same; in failing to notify Plaintiff and those similarly situated of the existence of said condition; and in being otherwise negligent, reckless, and careless in causing said accident and the resulting injury to Plaintiff.

34. Upon information and belief, at all times hereinafter mentioned, the Defendant, WALMART, INC., its agents, servants, employees, representatives, officers, managers, and/or independent contractors, in addition to creating the aforesaid defective, unsafe, hazardous and inherently dangerous condition and deceptive trap, had actual and/or constructive notice of said defective, unsafe, hazardous, and inherently dangerous condition and deceptive trap which existed for a period of time prior to the happening of the subject accident.

35. That as a result of the negligence, carelessness and recklessness of Defendant WALMART, INC. and its agents, servants, employees, representatives, officers, managers and/or independent contractors, the Plaintiff, TRACY POWELL, sustained serious and permanent physical injuries to her nose, face, head, neck and spine, both internally and externally, including

post-concussion syndrome; vestibular and ocular dysfunction; cognitive dysfunction and emotional and psychological damage so that she became and will continue to be disabled and will continue to suffer pain, discomfort, disfigurement and distress, and has and will require the services of physicians, surgeons, nurses, hospitals, therapies and medicines and will continue to incur such expenses in the future; and was further disabled from her professional and employment pursuits and will continue to be incapacitated from performing same in the future; and as a result of the foregoing Plaintiff has otherwise been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT, WAL-MART STORES EAST, LLC, PLAINTIFF HEREIN ALLEGES:**

36. Plaintiff repeats each and every allegation set forth in paragraphs “1” through “35” as if fully set forth herein at length.

37. On or about the 27th day of May, 2024, in the afternoon, the Plaintiff, TRACY POWELL, was lawfully and properly upon the Walmart Super Center premises located at 1990 Brandt Point Drive, Webster, New York for the purpose of shopping for merchandise.

38. That on the aforesaid date and time, while shopping in the television aisle, a flat screen television located on a shelf above Plaintiff tipped over and fell, striking Plaintiff about the face, resulting in serious and permanent bodily injuries to Plaintiff as set forth below.

39. Upon information and belief, a bottom corner of the box in which the subject flat screen television was packaged was indented and the shelf upon which it resided was uneven, which caused the said flat screen television to be unsteady and to fall, striking Plaintiff.

40. That said occurrence and the injuries sustained by the Plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the Defendant, WAL-MART STORES EAST, LLC, it agents, servants, employees, representatives, officers, directors, managers and/or independent contractors, in the ownership, operation, management, control, design, construction, improvement, repair, inspection, maintenance and upkeep of the aforesaid premises, thereby permitting a hazardous and inherently dangerous condition to exist on said premises with knowledge that persons engaged in shopping at said premises would be traveling upon, over and about said premises; in failing to take suitable and proper precautions to insure the safety of Plaintiff and other persons similarly situated; in placing the subject flat screen television and the box in which it was packaged on an uneven shelf or rack when one of the bottom corners of said box was damaged and indented; in permitting the subject flat screen television to fall from the shelf or rack upon which it was situated and striking Plaintiff; in failing to timely and properly inspect the placement of the subject flat screen TV so as to insure that it did not create a risk of harm to Plaintiff and other shoppers in the vicinity; in failing to take suitable and proper precautions to insure the safety of Plaintiff and those similarly situated while lawfully upon said premises; in failing to properly and adequately maintain and inspect said premises; in permitting an inherently dangerous and hazardous condition to exist in a location where Defendant knew that customers would be traversing while shopping; in failing to take reasonable precautions and steps

to remove and/or remediate an inherently dangerous and hazardous condition; in creating a hazardous and inherently dangerous condition and latent deceptive trap which caused Plaintiff to be struck by the aforesaid flat screen TV; in failing to exercise reasonable care to correct an inherently dangerous condition when it was clearly foreseeable that Plaintiff and those similarly situated would be subject to serious injury as a result of the existence of said condition; in carelessly, negligently, and recklessly and with knowledge, actual or constructive, of the hazards then and there existing, permitting the Plaintiff and those similarly situated to expose themselves to said risks and hazardous conditions without taking adequate precautions to safeguard against same; in failing to notify Plaintiff and those similarly situated of the existence of said condition; and in being otherwise negligent, reckless, and careless in causing said accident and the resulting injury to Plaintiff.

41. Upon information and belief, at all times hereinafter mentioned, the Defendant, WAL-MART STORES EAST, LLC, its agents, servants, employees, representatives, officers, managers, and/or independent contractors, in addition to creating the aforesaid defective, unsafe, hazardous and inherently dangerous condition and deceptive trap, had actual and/or constructive notice of said defective, unsafe, hazardous, and inherently dangerous condition and deceptive trap which existed for a period of time prior to the happening of the subject accident.

42. That as a result of the negligence, carelessness and recklessness of Defendant, WAL-MART STORES EAST, LLC, and its agents, servants, employees, representatives, officers, managers and/or independent contractors, the Plaintiff, TRACY POWELL, sustained serious and permanent physical injuries to her nose, face, head, neck and spine, both internally and externally,

including post-concussion syndrome, vestibular and ocular dysfunction, cognitive dysfunction and emotional and psychological damage so that she became and will continue to be disabled and will continue to suffer pain, discomfort, disfigurement and distress, and has and will require the services of physicians, surgeons, nurses, hospitals, therapies and medicines and will continue to incur such expenses in the future; and was further disabled from her professional and employment pursuits and will continue to be incapacitated from performing same in the future; and as a result of the foregoing Plaintiff has otherwise been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT, WAL-MART STORES EAST, LP, PLAINTIFF HEREIN ALLEGES:**

43. Plaintiff repeats each and every allegation set forth in paragraphs "1" through "42" as if fully set forth herein at length.

44. On or about the 27th day of May, 2024, in the afternoon, the Plaintiff, TRACY POWELL, was lawfully and properly upon the Walmart Super Center premises located at 1990 Brandt Point Drive, Webster, New York for the purpose of shopping for merchandise.

45. That on the aforesaid date and time, while shopping in the television aisle, a flat screen television located on a shelf above Plaintiff tipped over and fell, striking Plaintiff about the face, resulting in serious and permanent bodily injuries to Plaintiff as set forth below.

46. Upon information and belief, a bottom corner of the box in which the subject flat screen television was packaged was indented and the shelf upon which it resided was uneven, which caused the said flat screen television to be unsteady and to fall, striking Plaintiff.

47. That said occurrence and the injuries sustained by the Plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the Defendant, WAL-MART STORES EAST, INC., it agents, servants, employees, representatives, officers, directors, managers and/or independent contractors, in the ownership, operation, management, control, design, construction, improvement, repair, inspection, maintenance and upkeep of the aforesaid premises, thereby permitting a hazardous and inherently dangerous condition to exist on said premises with knowledge that persons engaged in shopping at said premises would be traveling upon, over and about said premises; in failing to take suitable and proper precautions to insure the safety of Plaintiff and other persons similarly situated; in placing the subject flat screen television and the box in which it was packaged on an uneven shelf or rack when one of the bottom corners of said box was damaged and indented; in permitting the subject flat screen television to fall from the shelf or rack upon which it was situated and striking Plaintiff; in failing to timely and properly inspect the placement of the subject flat screen TV so as to insure that it did not create a risk of harm to Plaintiff and other shoppers in the vicinity; in failing to take suitable and proper precautions to insure the safety of Plaintiff and those similarly situated while lawfully upon said premises; in failing to properly and adequately maintain and inspect said premises; in permitting an inherently dangerous and hazardous condition to exist in a location where Defendant knew that customers would be traversing while shopping; in failing to take reasonable precautions and steps

to remove and/or remediate an inherently dangerous and hazardous condition; in creating a hazardous and inherently dangerous condition and latent deceptive trap which caused Plaintiff to be struck by the aforesaid flat screen TV; in failing to exercise reasonable care to correct an inherently dangerous condition when it was clearly foreseeable that Plaintiff and those similarly situated would be subject to serious injury as a result of the existence of said condition; in carelessly, negligently, and recklessly and with knowledge, actual or constructive, of the hazards then and there existing, permitting the Plaintiff and those similarly situated to expose themselves to said risks and hazardous conditions without taking adequate precautions to safeguard against same; in failing to notify Plaintiff and those similarly situated of the existence of said condition; and in being otherwise negligent, reckless, and careless in causing said accident and the resulting injury to Plaintiff.

48. Upon information and belief, at all times hereinafter mentioned, the Defendant, WAL-MART STORES EAST, INC., its agents, servants, employees, representatives, officers, managers, and/or independent contractors, in addition to creating the aforesaid defective, unsafe, hazardous and inherently dangerous condition and deceptive trap, had actual and/or constructive notice of said defective, unsafe, hazardous, and inherently dangerous condition and deceptive trap which existed for a period of time prior to the happening of the subject accident.

49. That as a result of the negligence, carelessness and recklessness of Defendant, WAL-MART STORES EAST, INC., and its agents, servants, employees, representatives, officers, managers and/or independent contractors, the Plaintiff, TRACY POWELL, sustained serious and permanent physical injuries to her nose, face, head, neck and spine, both internally and externally,

including post-concussion syndrome, vestibular and ocular dysfunction, cognitive dysfunction and emotional and psychological damage so that she became and will continue to be disabled and will continue to suffer pain, discomfort, disfigurement and distress, and has and will require the services of physicians, surgeons, nurses, hospitals, therapies and medicines and will continue to incur such expenses in the future; and was further disabled from her professional and employment pursuits and will continue to be incapacitated from performing same in the future; and as a result of the foregoing Plaintiff has otherwise been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**AGAINST DEFENDANT, WAL-MART STORES EAST, INC.**
**PLAINTIFF HEREIN ALLEGES:**

50. Plaintiff repeats each and every allegation set forth in paragraphs "1" through "49" as if fully set forth herein at length.

51. On or about the 27th day of May, 2024, in the afternoon, the Plaintiff, TRACY POWELL, was lawfully and properly upon the Walmart Super Center premises located at 1990 Brandt Point Drive, Webster, New York for the purpose of shopping for merchandise.

52. That on the aforesaid date and time, while shopping in the television aisle, a flat screen television located on a shelf above Plaintiff tipped over and fell, striking Plaintiff about the face, resulting in serious and permanent bodily injuries to Plaintiff as set forth below.

53. Upon information and belief, a bottom corner of the box in which the subject flat screen television was packaged was indented and the shelf upon which it resided was uneven, which caused the said flat screen television to be unsteady and to fall, striking Plaintiff.

54. That said occurrence and the injuries sustained by the Plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the Defendant, WAL-MART STORES EAST, INC., it agents, servants, employees, representatives, officers, directors, managers and/or independent contractors, in the ownership, operation, management, control, design, construction, improvement, repair, inspection, maintenance and upkeep of the aforesaid premises, thereby permitting a hazardous and inherently dangerous condition to exist on said premises with knowledge that persons engaged in shopping at said premises would be traveling upon, over and about said premises; in failing to take suitable and proper precautions to insure the safety of Plaintiff and other persons similarly situated; in placing the subject flat screen television and the box in which it was packaged on an uneven shelf or rack when one of the bottom corners of said box was damaged and indented; in permitting the subject flat screen television to fall from the shelf or rack upon which it was situated and striking Plaintiff; in failing to timely and properly inspect the placement of the subject flat screen TV so as to insure that it did not create a risk of harm to Plaintiff and other shoppers in the vicinity; in failing to take suitable and proper precautions to insure the safety of Plaintiff and those similarly situated while lawfully upon said premises; in failing to properly and adequately maintain and inspect said premises; in permitting an inherently dangerous and hazardous condition to exist in a location where Defendant knew that customers would be traversing while shopping; in failing to take reasonable precautions and steps

to remove and/or remediate an inherently dangerous and hazardous condition; in creating a hazardous and inherently dangerous condition and latent deceptive trap which caused Plaintiff to be struck by the aforesaid flat screen TV; in failing to exercise reasonable care to correct an inherently dangerous condition when it was clearly foreseeable that Plaintiff and those similarly situated would be subject to serious injury as a result of the existence of said condition; in carelessly, negligently, and recklessly and with knowledge, actual or constructive, of the hazards then and there existing, permitting the Plaintiff and those similarly situated to expose themselves to said risks and hazardous conditions without taking adequate precautions to safeguard against same; in failing to notify Plaintiff and those similarly situated of the existence of said condition; and in being otherwise negligent, reckless, and careless in causing said accident and the resulting injury to Plaintiff.

55. Upon information and belief, at all times hereinafter mentioned, the Defendant, WAL-MART STORES EAST, INC., its agents, servants, employees, representatives, officers, managers, and/or independent contractors, in addition to creating the aforesaid defective, unsafe, hazardous and inherently dangerous condition and deceptive trap, had actual and/or constructive notice of said defective, unsafe, hazardous, and inherently dangerous condition and deceptive trap which existed for a period of time prior to the happening of the subject accident.

56. That as a result of the negligence, carelessness and recklessness of Defendant, WAL-MART STORES EAST, INC., and its agents, servants, employees, representatives, officers, managers and/or independent contractors, the Plaintiff, TRACY POWELL, sustained serious and permanent physical injuries to her nose, face, head, neck and spine, both internally and externally,

including post-concussion syndrome, vestibular and ocular dysfunction, cognitive dysfunction and emotional and psychological damage so that she became and will continue to be disabled and will continue to suffer pain, discomfort, disfigurement and distress, and has and will require the services of physicians, surgeons, nurses, hospitals, therapies and medicines and will continue to incur such expenses in the future; and was further disabled from her professional and employment pursuits and will continue to be incapacitated from performing same in the future; and as a result of the foregoing Plaintiff has otherwise been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT, WAL-MART REAL ESTATE BUSINESS TRUST, PLAINTIFF HEREIN ALLEGES:**

57. Plaintiff repeats each and every allegation set forth in paragraphs "1" through "56" as if fully set forth herein at length.

58. On or about the 27th day of May, 2024, in the afternoon, the Plaintiff, TRACY POWELL, was lawfully and properly upon the Walmart Super Center premises located at 1990 Brandt Point Drive, Webster, New York for the purpose of shopping for merchandise.

59. That on the aforesaid date and time, while shopping in the television aisle, a flat screen television located on a shelf above Plaintiff tipped over and fell, striking Plaintiff about the face, resulting in serious and permanent bodily injuries to Plaintiff as set forth below.

60. Upon information and belief, a bottom corner of the box in which the subject flat screen television was packaged was indented and the shelf upon which it resided was uneven, which caused the said flat screen television to be unsteady and to fall, striking Plaintiff.

61. That said occurrence and the injuries sustained by the Plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the Defendant, WAL-MART REAL ESTATE BUSINESS TRUST, it agents, servants, employees, representatives, officers, directors, managers and/or independent contractors, in the ownership, operation, management, control, design, construction, improvement, repair, inspection, maintenance and upkeep of the aforesaid premises, thereby permitting a hazardous and inherently dangerous condition to exist on said premises with knowledge that persons engaged in shopping at said premises would be traveling upon, over and about said premises; in failing to take suitable and proper precautions to insure the safety of Plaintiff and other persons similarly situated; in placing the subject flat screen television and the box in which it was packaged on an uneven shelf or rack when one of the bottom corners of said box was damaged and indented; in permitting the subject flat screen television to fall from the shelf or rack upon which it was situated and striking Plaintiff; in failing to timely and properly inspect the placement of the subject flat screen TV so as to insure that it did not create a risk of harm to Plaintiff and other shoppers in the vicinity; in failing to take suitable and proper precautions to insure the safety of Plaintiff and those similarly situated while lawfully upon said premises; in failing to properly and adequately maintain and inspect said premises; in permitting an inherently dangerous and hazardous condition to exist in a location where Defendant knew that customers would be traversing while shopping; in failing to take reasonable precautions and steps

to remove and/or remediate an inherently dangerous and hazardous condition; in creating a hazardous and inherently dangerous condition and latent deceptive trap which caused Plaintiff to be struck by the aforesaid flat screen TV; in failing to exercise reasonable care to correct an inherently dangerous condition when it was clearly foreseeable that Plaintiff and those similarly situated would be subject to serious injury as a result of the existence of said condition; in carelessly, negligently, and recklessly and with knowledge, actual or constructive, of the hazards then and there existing, permitting the Plaintiff and those similarly situated to expose themselves to said risks and hazardous conditions without taking adequate precautions to safeguard against same; in failing to notify Plaintiff and those similarly situated of the existence of said condition; and in being otherwise negligent, reckless, and careless in causing said accident and the resulting injury to Plaintiff.

62. Upon information and belief, at all times hereinafter mentioned, the Defendant, WAL-MART REAL ESTATE BUSINESS TRUST, its agents, servants, employees, representatives, officers, managers, and/or independent contractors, in addition to creating the aforesaid defective, unsafe, hazardous and inherently dangerous condition and deceptive trap, had actual and/or constructive notice of said defective, unsafe, hazardous, and inherently dangerous condition and deceptive trap which existed for a period of time prior to the happening of the subject accident.

63. That as a result of the negligence, carelessness and recklessness of Defendant, WAL-MART REAL ESTATE BUSINESS TRUST, and its agents, servants, employees, representatives, officers, managers and/or independent contractors, the Plaintiff, TRACY

POWELL, sustained serious and permanent physical injuries to her nose, face, head, neck and spine, both internally and externally, including post-concussion syndrome, vestibular and ocular dysfunction, cognitive dysfunction and emotional and psychological damage so that she became and will continue to be disabled and will continue to suffer pain, discomfort, disfigurement and distress, and has and will require the services of physicians, surgeons, nurses, hospitals, therapies and medicines and will continue to incur such expenses in the future; and was further disabled from her professional and employment pursuits and will continue to be incapacitated from performing same in the future; and as a result of the foregoing Plaintiff has otherwise been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT, DIMARCO BRANDT POINT, LLC, PLAINTIFF HEREIN ALLEGES:**

64. Plaintiff repeats each and every allegation set forth in paragraphs "1" through "63" as if fully set forth herein at length.

65. On or about the 27th day of May, 2024, in the afternoon, the Plaintiff, TRACY POWELL, was lawfully and properly upon the Walmart Super Center premises located at 1990 Brandt Point Drive, Webster, New York for the purpose of shopping for merchandise.

66. That on the aforesaid date and time, while shopping in the television aisle, a flat screen television located on a shelf above Plaintiff tipped over and fell, striking Plaintiff about the face, resulting in serious and permanent bodily injuries to Plaintiff as set forth below.

67. Upon information and belief, a bottom corner of the box in which the subject flat screen television was packaged was indented and the shelf upon which it resided was uneven, which caused the said flat screen television to be unsteady and to fall, striking Plaintiff.

68. That said occurrence and the injuries sustained by the Plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the Defendant, DIMARCO BRANDT POINT, LLC, it agents, servants, employees, representatives, officers, directors, managers and/or independent contractors, in the ownership, operation, management, control, design, construction, improvement, repair, inspection, maintenance and upkeep of the aforesaid premises, thereby permitting a hazardous and inherently dangerous condition to exist on said premises with knowledge that persons engaged in shopping at said premises would be traveling upon, over and about said premises; in failing to take suitable and proper precautions to insure the safety of Plaintiff and other persons similarly situated; in placing the subject flat screen television and the box in which it was packaged on an uneven shelf or rack when one of the bottom corners of said box was damaged and indented; in permitting the subject flat screen television to fall from the shelf or rack upon which it was situated and striking Plaintiff; in failing to timely and properly inspect the placement of the subject flat screen TV so as to insure that it did not create a risk of harm to Plaintiff and other shoppers in the vicinity; in failing to take suitable and proper precautions to insure the safety of Plaintiff and those similarly situated while lawfully upon said

premises; in failing to properly and adequately maintain and inspect said premises; in permitting an inherently dangerous and hazardous condition to exist in a location where Defendant knew that customers would be traversing while shopping; in failing to take reasonable precautions and steps to remove and/or remediate an inherently dangerous and hazardous condition; in creating a hazardous and inherently dangerous condition and latent deceptive trap which caused Plaintiff to be struck by the aforesaid flat screen TV; in failing to exercise reasonable care to correct an inherently dangerous condition when it was clearly foreseeable that Plaintiff and those similarly situated would be subject to serious injury as a result of the existence of said condition; in carelessly, negligently, and recklessly and with knowledge, actual or constructive, of the hazards then and there existing, permitting the Plaintiff and those similarly situated to expose themselves to said risks and hazardous conditions without taking adequate precautions to safeguard against same; in failing to notify Plaintiff and those similarly situated of the existence of said condition; and in being otherwise negligent, reckless, and careless in causing said accident and the resulting injury to Plaintiff.

69. Upon information and belief, at all times hereinafter mentioned, the Defendant, DIMARCO BRANDT POINT, LLC, its agents, servants, employees, representatives, officers, managers, and/or independent contractors, in addition to creating the aforesaid defective, unsafe, hazardous and inherently dangerous condition and deceptive trap, had actual and/or constructive notice of said defective, unsafe, hazardous, and inherently dangerous condition and deceptive trap which existed for a period of time prior to the happening of the subject accident.

70. That as a result of the negligence, carelessness and recklessness of Defendant, DEMARCO BRANDT POINT, LLC, and its agents, servants, employees, representatives, officers, managers and/or independent contractors, the Plaintiff, TRACY POWELL, sustained serious and permanent physical injuries to her nose, face, head, neck and spine, both internally and externally, including post-concussion syndrome, vestibular and ocular dysfunction, cognitive dysfunction and emotional and psychological damage so that she became and will continue to be disabled and will continue to suffer pain, discomfort, disfigurement and distress, and has and will require the services of physicians, surgeons, nurses, hospitals, therapies and medicines and will continue to incur such expenses in the future; and was further disabled from her professional and employment pursuits and will continue to be incapacitated from performing same in the future; and as a result of the foregoing Plaintiff has otherwise been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS, JOHN DOE I, JOHN DOE II, AND JOHN DOE III, PLAINTIFF HEREIN ALLEGES:**

71. Plaintiff repeats each and every allegation set forth in paragraphs "1" through "63" as if fully set forth herein at length.

72. On or about the 27th day of May, 2024, in the afternoon, the Plaintiff, TRACY POWELL, was lawfully and properly upon the Walmart Super Center premises located at 1990 Brandt Point Drive, Webster, New York for the purpose of shopping for merchandise.

73. That on the aforesaid date and time, while shopping in the television aisle, a flat screen television located on a shelf above Plaintiff tipped over and fell, striking Plaintiff about the face, resulting in serious and permanent bodily injuries to Plaintiff as set forth below.

74. Upon information and belief, a bottom corner of the box in which the subject flat screen television was packaged was indented and the shelf upon which it resided was uneven, which caused the said flat screen television to be unsteady and to fall, striking Plaintiff.

75. The said occurrence and the injuries sustained by the Plaintiff were caused by reason of the negligence, carelessness and recklessness of the Defendants, JOHN DOE I, JOHN DOE II, and/or JOHN DOE III in the supervision, oversight, inspection, testing, maintenance, upkeep and repair of the display racks or shelves where televisions were stored for public display in 2024, and including May 27, 2024, thereby permitting a hazardous and inherently dangerous condition to exist on said premises with knowledge that persons engaged in shopping at said premises would be traveling upon, over and about said premises; in failing to take suitable and proper precautions to insure the safety of Plaintiff and other persons similarly situated; in placing the subject flat screen television and the box in which it was packaged on an uneven shelf or rack when one of the bottom corners of said box was damaged and indented; in permitting the subject flat screen television to fall from the shelf or rack upon which it was situated and striking Plaintiff; in failing to timely and properly inspect the placement of the subject flat screen TV so as to insure that it did not create a risk of harm to Plaintiff and other shoppers in the vicinity; in failing to take suitable and proper precautions to insure the safety of Plaintiff and those similarly situated while lawfully upon said premises; in failing to properly and adequately maintain and inspect said

premises; in permitting an inherently dangerous and hazardous condition to exist in a location where Defendant knew that customers would be traversing while shopping; in failing to take reasonable precautions and steps to remove and/or remediate an inherently dangerous and hazardous condition; in creating a hazardous and inherently dangerous condition and latent deceptive trap which caused Plaintiff to be struck by the aforesaid flat screen TV; in failing to exercise reasonable care to correct an inherently dangerous condition when it was clearly foreseeable that Plaintiff and those similarly situated would be subject to serious injury as a result of the existence of said condition; in carelessly, negligently, and recklessly and with knowledge, actual or constructive, of the hazards then and there existing, permitting the Plaintiff and those similarly situated to expose themselves to said risks and hazardous conditions without taking adequate precautions to safeguard against same; in failing to notify Plaintiff and those similarly situated of the existence of said condition; and in being otherwise negligent, reckless, and careless in causing said accident and the resulting injury to Plaintiff.

76. Upon information and belief, at all times hereinafter mentioned, the Defendants, JOHN DOE I, JOHN DOE II, and/or JOHN DOE III, in addition to creating the aforesaid defective, unsafe, hazardous and inherently dangerous condition and deceptive trap, had actual and/or constructive notice of said defective, unsafe, hazardous, and inherently dangerous condition and deceptive trap which existed for a period of time prior to the happening of the subject accident.

77. That as a result of the negligence, carelessness and recklessness of Defendants, JOHN DOE I, JOHN DOE II, and JOHN DOE III, the Plaintiff, TRACY POWELL, sustained serious and permanent physical injuries to her nose, face, head, neck and spine, both internally and

externally, including post-concussion syndrome, vestibular and ocular dysfunction, cognitive dysfunction and emotional and psychological damage so that she became and will continue to be disabled and will continue to suffer pain, discomfort, disfigurement and distress, and has and will require the services of physicians, surgeons, nurses, hospitals, therapies and medicines and will continue to incur such expenses in the future; and was further disabled from her professional and employment pursuits and will continue to be incapacitated from performing same in the future; and as a result of the foregoing Plaintiff has otherwise been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

WHEREFORE, Plaintiff, TRACY POWELL, demands judgment against Defendants as follows:

1. On the First Cause of Action against Defendant, WALMART, INC., in an amount to be determined by the trier of fact, together with the costs and disbursements of this action, and for such other and further relief as the Court deems just and proper; and

2. On the Second Cause of Action against Defendant, WAL-MART STORES EAST, LLC, in an amount to be determined by the trier of fact, together with the costs and disbursements of this action, and for such other and further relief as the Court deems just and proper; and

3. On the Third Cause of Action against Defendant, WAL-MART STORES EAST, LP in an amount to be determined by the trier of fact, together with the costs and disbursements of this action, and for such other and further relief as the Court deems just and proper; and

4. On the Fourth Cause of Action against Defendant, WAL-MART STORES EAST, INC., in an amount to be determined by the trier of fact, together with the costs and disbursements of this action, and for such other and further relief as the Court deems just and proper; and

5. On the Fifth Cause of Action against Defendant, WAL-MART REAL ESTATE BUSINESS TRUST, in an amount to be determined by the trier of fact, together with the costs and disbursements of this action, and for such other and further relief as the Court deems just and proper; and

6. On the Sixth Cause of Action against Defendant, DIMARCO BRANDT POINT, LLC, in an amount to be determined by the trier of fact, together with the costs and disbursements of this action, and for such other and further relief as the Court deems just and proper.

7. On the Seventh Cause of Action against Defendants, JOHN DOE I, JOHN DOE II, and JOHN DOE III, in an amount to be determined by the trier of fact, together with the costs and disbursements of this action, and for such other and further relief as the Court deems just and proper.

DATED: Buffalo, New York
May 14, 2025

Eric M. Shelton, Esq. for
BROWN CHIARI LLP
**Attorneys for Plaintiff**
2470 Walden Avenue
Buffalo, New York 14225-4751
(716) 681-7190