UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| TRACY POWELL, | **ORDER TO SHOW CAUSE** |
| Plaintiff, | 6:25-CV-6798 EAW |
| v. | |
| WALMART, INC., WAL-MART STORES EAST, LLC, WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., WAL-MART REAL ESTATE BUSINESS TRUST, DIMARCO BRANDT POINT, LLC, JOHN DOE I, JOHN DOE II, JOHN DOE III, | |
| Defendant. | |

_____

On December 19, 2025, defendants Walmart Inc., Wal-Mart Stores East, LLC, Wal-Mart Stores East, LP, Wal-Mart Stores East, Inc., Wal-Mart Real Estate Business Trust, and Dimarco Brandt Point, LLC ("Removing Defendants") filed a Notice of Removal. (Dkt. 1). Removing Defendants seek to remove this action from the Supreme Court of the State of New York, Monroe County, based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). (*Id*. at 1).

The Notice of Removal is insufficient. Defendant Dimarco Brandt Point, LLC is a limited liability company, but it has failed to allege the citizenship of its members. "[I]t is well established that [t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001)

(quotations and citation omitted). "With the exception of corporations, the citizenship of business entities is derived from the citizenship of all members of the entity." *ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013). Here, neither the complaint nor the Notice of Removal includes allegations clearly setting forth the citizenship of Dimarco Brandt Point, LLC's members. That Defendant is organized under the laws of the state of New York, with its principal place of business in the state of New York (*see* Dkt. 1 at ¶ 8), is insufficient information to satisfy the diversity inquiry. *See, e.g., Wiener v. AXA Equitable Life Ins. Co.*, 113 F.4th 201, 212 (2d Cir. 2024) ("Because Wiener's complaint did not allege the citizenship of the AXA LLCs' members, it left some question as to whether the federal courts have diversity jurisdiction in this case."); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (discussing that for purposes of diversity jurisdiction, limited liability companies and limited partnerships have the citizenship of their members); *Alvarez & Marshal Glob. Forensic & Dispute Servs., LLC v. Cohen-Cole*, No. 14 Civ. 290 (JPO), 2014 WL 641440, at *2 (S.D.N.Y. Feb. 19, 2014) ("[T]he facts that the LLC is 'organized under the laws of Delaware' and has 'its principal place of business in New York' are irrelevant to jurisdiction: they say nothing about an LLC's citizenship for purposes of 28 U.S.C. § 1332.").

This Court is bound by the "inflexible rule" requiring it "without exception" to determine *sua sponte* if jurisdiction is lacking. *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008); *see A.H. by E.H. v. New York State Dep't of Health*, 147 F.4th 270, 280 (2d Cir. 2025) ("Of course, it is also 'well established that courts are obligated' to consider deficiencies in subject-matter jurisdiction sua sponte." (quoting *Int'l*

*Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 54 n.1 (2d Cir. 2022))); *Alvarez v. Doe*, No. 25-CV-5042 (GRB)(SIL), 2025 WL 3172330, at *1 (E.D.N.Y. Nov. 13, 2025) ("This Court has an obligation to examine its subject matter jurisdiction sua sponte."). In this case, it is not clear from the face of the complaint or the Notice of Removal that complete diversity exists.

For those reasons, it is hereby ordered that Removing Defendants shall show cause, <u>in writing, on or before January 16, 2025</u>, why this case should not be remanded to Monroe County Supreme Court, including by setting forth the citizenship of its members.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: December 23, 2025
Rochester, New York